## UNITED STATES DISTRICT COURT
## DISTRICT OF IDAHO

| | |
|---|---|
| ASARCO LLC, | Case No.: 2:12-cv-00283-EJL-REB |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER RE:** |
| vs. | |
| UNION PACIFIC RAILROAD COMPANY and UNION PACIFIC CORPORATION, | **DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND TO DEEM REQUESTS FOR ADMISSION ADMITTED (Docket No. 127)** |
| Defendants. | |
| | **UNION PACIFIC RAILROAD COMPANY'S OBJECTION TO, AND MOTION TO STRIKE OR EXCLUDE, ASARCO'S UNTIMELY FILINGS (Docket No. 160)** |
| | **ASARCO'S MOTION TO EXTEND TIME FOR FILING DOCUMENTS IN SUPPORT OF ASARCO LLC'S RESPONSE IN OPPOSITION TO UNION PACIFIC RAILROAD COMPANY'S MOTION FOR SUMMARY JUDGMENT (Docket No. 176)** |
| | **ASARCO LLC'S MOTION TO STRIKE AND OBJECTION TO IMPROPER BRIEFING (Docket No. 178)** |

Now pending before the Court are (1) Defendant's Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted (Docket No. 127), (2) Union Pacific Railroad Company's Objection to, and Motion to Strike or Exclude, Asarco's Untimely Filings

**MEMORANDUM DECISION AND ORDER - 1**

(Docket No. 160), (3) Asarco's Motion to Extend Time for Filing Documents in Support of

Asarco LLC's Response in Opposition to Union Pacific Railroad Company's Motion for

Summary Judgment (Docket No. 176), and (4) Asarco LLC's Motion to Strike and Objection to

Improper Briefing (Docket No. 178).  Having carefully considered the record and otherwise

being fully advised, the undersigned enters the following Memorandum Decision and Order:[1]

## I. <u>DISCUSSION</u>

**A.    Defendant's Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted (Docket No. 127)**

Through its Motion, Union Pacific ask the Court to require that Asarco:

1.    Supplement its responses to Requests for Admission Nos. 1-8, 15-20, 23-40, 42-

55, and 57-59 in Union Pacific's First Set of Requests for Admission;

2.    Supplement its responses to Interrogatory Nos. 2, 3, and 8 (as to Requests for

Admission Nos. 1-8) in Union Pacific's First Set of Interrogatories;

3.    Produce specific documents and other materials requested in (1) Request for

Production Nos. 1, 4, 5, and 6 in Union Pacific's Second Set of Requests for Production and (2)

Request for Production Nos. 1, 4, 5, 6, 7, 8, 9, and 10 in Union Pacific's Fourth Set of Requests

for Production; and

5.    Supplement its responses to Request for Admission Nos. 97, 113, and 114 in

Union Pacific's Second Set of Requests for Admission.

---

[1]  U.S. District Judge Edward J. Lodge referred all non-dispositive matters to the undersigned.  *See* 9/9/15 Order (Docket No. 114).  The docket contains numerous  pending motions, both dispositive and non-dispositive, the resolutions of which are bound up in the extraordinarily heavy docket facing the judges of this Court.  This Memorandum Decision and Order will resolve certain of these motions so as to provide a resolution for the parties of at least some of the pending motions sooner rather than later.

**MEMORANDUM DECISION AND ORDER - 2**

1.    <u>Asarco's Supplemental Responses to Union Pacific's First Set of Requests for Admission</u>

The Motion is moot as to Request Nos. 1-8.  *See* Reply, p. 9, n.4 (Docket No. 170).  The remaining Requests are addressed in turn:

a.    *Request Nos. 15-20*

Asarco objects to each of these Requests as "call[ing] for legal conclusions" and, in other instances, as being vague and ambiguous, not limited by a period of time.  Even so, Asarco responded to each of these Requests.  Union Pacific argues that FRCP 36(a) does not limit Requests solely to "facts," and expressly allows a party to request responses that may seek the "application of law to fact."  As to Asarco's more substantive responses, Union Pacific contends that they are "generic."

"Requests cannot be used to compel an admission of a conclusion of law."  *Welcher v. Idaho Dept. of Correction*, 2006 WL 1663567, *2 (D. Idaho 2006) (citing *Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1057 (S.D. Cal. 1999)).  Union Pacific does not elaborate how, or why, these Requests do not ask for a legal conclusion and/or how, or why, they properly seek the application of laws to fact.  Moreover, other than commenting that Asarco's more substantive responses to these Requests are "generic," Union Pacific provides no argument that they are deficient in any respect.[2]  Union Pacific's Motion is denied in these respects.

b.    *Request Nos. 23-31, 40, 42-55, and 57-59*[3]

Union Pacific next contends that Asarco's supplemental responses to various Requests are not specific enough.  For example, Union Pacific asserts that, while Asarco admits that

---

[2]  Additionally, Union Pacific's Reply does not address Request No. 20.  Assuming its arguments are the same as to Request Nos. 15-19, its resolution here is likewise the same.

[3]  Union Pacific's Reply does not speak to Request Nos. 32-39.  Assuming its arguments are the same as the balance of Requests, their resolution here is likewise the same.

**MEMORANDUM DECISION AND ORDER - 3**

Union Pacific has contribution protection for "certain claims for response costs" or "limited contribution protection," Asarco does not identify those limits, claims, or response costs; and, conversely, that, while Asarco denies that Union Pacific has contribution protection for certain claims and response costs, it again does not identify them with any specificity. The Court is not persuaded that Asarco's responses are lacking in the manner of which Union Pacific complains.

To begin, Asarco clearly points to language from the Union Pacific consent decree as setting the stage for its responses to various Requests. Nothing is improper about this when, at least in Asarco's mind, such language informs an answer to a particular Request. Asarco then provides an additional response. While this additional response may not contain the level of specificity that Union Pacific is seeking, the Request itself is similarly broad. Moreover, as stated earlier in this action, requests for admission are not discovery devices per se – they are tools to crystalize legitimately undisputed matters to help streamline a prospective trial. Where Requests speak to matters that are not undisputed on both ends of the equation or may not be crafted in a manner that permits agreement from both sides as to the details of the subject matter, then the responses may simply illustrate that situation, rather than being obstructive.

Such is the case here. After reviewing the at-issue Requests and Asarco's most recent responses, the undersigned concludes that there is no basis to compel further responses. Union Pacific's Motion is denied in these respects.[4]

---

[4] Asarco did not provide an amended response to Request No. 58. This appears to be an oversight, given Asarco's contention that it provided supplemental responses to many Requests, including Request No. 58. *See* Opp. to MTC, p. 3 (Docket No. 148). Therefore, Asarco is ordered to provide an amended response to Request No. 58. In this limited respect, Union Pacific's Motion is granted.

**MEMORANDUM DECISION AND ORDER - 4**

2.     <u>Asarco's Supplemental Responses to Union Pacific's First Set of Interrogatories</u>

The Motion is moot as it pertains to Interrogatory Nos. 2 and 3.  *See* Reply, p. 9, n.4 (Docket No. 170).  It is unclear, however, whether the remaining Interrogatory – Interrogatory No. 8 – is still in question.  Specifically, it is unclear whether Interrogatory No. 8 speaks only to Asarco's denials (or responses that are not an unqualified admission) of Union Pacific's Request Nos. 1-8 or something more.  To the extent it speaks to the former, Union Pacific's Motion is moot (*see id.*); to the extent it speaks to *all* of Union Pacific's Requests (or, at least, something more than Request Nos. 1-8), the record is too underdeveloped to so rule on the adequacy of Asarco's response.  However, Asarco is ordered to review its response to Interrogatory No. 8 vis à vis its supplemental responses to Union Pacific's Requests for Admission and, if necessary, supplement its response thereto accordingly.  In this limited respect, Union Pacific's Motion is granted.

3.     <u>Asarco's Responses to Union Pacific's Second and Fourth Sets of Requests for Production</u>

Union Pacific's Second and Fourth Sets of Requests for Production generally requests documents reviewed by, considered by, referred to, cited by and/or relied upon by Asarco's experts.  Since its filing, Union Pacific's Motion to Compel has changed somewhat in its focus, so that it now relates to five sets of documents: (1) publicly-available information, (2) expert research logs, (3) Mr. Gallacher's March 13, 2015 memorandum, (4) draft expert reports, and (5) a July 27, 2015 meet-and-confer conference recording.  Each such item is addressed below.

a.     *Publicly-Available Information*

To the extent any of the three at-issue documents are, in fact, available to Union Pacific at no expense to Union Pacific, Asarco need not produce them.  However, if Union Pacific must

**MEMORANDUM DECISION AND ORDER - 5**

either pay a publisher's fee or maintain a membership with a particular organization to access any of the three at-issue documents, Asarco is ordered to produce them.  The record is unclear as to these issues, but the parties are directed to resolve this dispute based upon the dividing line described above.

> b.      *Mr. Gallacher's Expert Research Logs*

Asarco's expert, Daniel Gallacher, visited numerous archives across the county to copy records for his report.  According to Asarco, the research logs represent a list of the facilities Mr. Gallacher and his associates visited, as well as the types of documents retrieved at these facilities.  According to Mr. Gallacher himself:

> The research logs do not contain any facts or data that I would consider in preparing or forming the opinions in my report.  I only referred to the research logs for source information, such as information regarding where I procured certain photographs or articles.

Gallagher Decl., ¶ 8 (Docket No. 148, Att. 12).  These logs should be produced.

FRCP 26(a)(2)(B)(ii) requires that an expert report disclose the facts or data the expert considered in forming his opinions.  This is to be "interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients." Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Note (2010).  The undersigned is satisfied that these logs contain the sort of "factual ingredients" that warrant production.  Union Pacific's Motion is granted in this respect.

> c.      *Mr. Gallacher's March 13, 2015 Memorandum*

Though identified as a memorandum, Asarco contends that Mr. Gallacher's March 13, 2015 memorandum is really a draft report, protected from disclosure.  *See* Opp. to MTC, p. 12 (Docket No. 148) ("This ICC Draft is actually an initial draft of Chapter 3, entitled "Interstate

**MEMORANDUM DECISION AND ORDER - 6**

Commerce Commission Bureau of Valuation Activities, 1913-1933" of the expert report prepared by Mr. Gallacher and Historical Research Associate, Inc."); *see also* Fed. R. Civ. P. 26(b)(4)(B) ("Rules 26(b)(3)(A) and (B) protect drafts of any report or disclosure required under Rule 26(a)(2), regardless of he form in which the draft is recorded."). Accepting Asarco's counsel's[5] representations as true, the undersigned considers Mr. Gallacher's March 13, 2015 memorandum as a draft report and considers it in the context of other arguments raised within Union Pacific's Motion. *See infra.*

   d. *Draft Expert Reports*

  FRCP 26(b)(4)(B) generally protects draft expert reports from disclosure. *See supra.* However, when an otherwise protected draft report is shared with another expert who then considers the draft report in forming his/her own opinions, the draft report becomes discoverable in relation to that other expert. *See, e.g.*, *In re Application of Republic of Ecuador*, 280 F.R.D. 506, 516 (N.D. Cal. 2012) (communication between company's expert and his assistants and other testifying experts in underlying Ecuador civil proceeding did not constitute protected work product under Federal Rules of Civil Procedure, and were subject to disclosure to Republic of Ecuador and its Attorney General for use in foreign proceeding).[6] Therefore, to the extent draft

---

   [5] It is worth noting that, while Mr. Gallacher submitted a declaration testifying about his research logs (*see supra*), he did not comment about his memorandum being a draft section of his ultimate expert report.

   [6] Asarco alternatively argues that "Dr. Davis did not rely upon any of the five draft reports listed in Appendix C of the Draft Report," but, instead, only the final versions. Opp. to MTC, p. 16 (Docket No. 148). The test, however, is "considered," not "relied." *See* Fed. R. Civ. P. 26(a)(2)(B) Advisory Committee Note (2010) ("The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, no only those relied upon by the expert.").

**MEMORANDUM DECISION AND ORDER - 7**

expert reports were provided to other testifying experts for the latter's consideration in forming their opinions, the draft expert reports are discoverable.  In this respect, Union Pacific's Motion is granted.

<em>e.</em>      <em>July 27, 2015 Meet-and-Confer Conference Recording</em>

Pointing to deposition testimony in which Asarco's counsel references a "recorded exchange" with Union Pacific counsel, Union Pacific now seeks the production of such recordings.  *See* Cooper Dep. at 181:6-19, attached as Ex. 12 to Wutzler Decl. (Docket No. 127, Att. 15).  Asarco says there are no such recordings – other than those prepared by the court reporter in attendance at Mr. Cooper's deposition.  Without more, the undersigned must accept Asarco's counsel's statement (as an officer of the court) that there is no recording that can be produced.  Union Pacific's Motion is denied in this respect.

4.      <u>Asarco's Supplemental Responses to Union Pacific's Second Set of Requests for Admission</u>

The Motion is moot as to Request No. 114.  *See* Reply, p. 9, n.4 (Docket No. 170).  The remaining Requests are addressed in turn:

<em>a.</em>      <em>Request No. 97</em>

Union Pacific asks Asarco to "[a]dmit that federal law requires Asarco to properly package the materials it ships by common carrier."  According to Asarco, this Request does not specify a time period, and the terms "packaged" and "federal law" are vague and ambiguous, particularly when considering that federal law on shipments may well have changed over the decades that Asarco shipped items and the ambiguity of the term "packaged."  At the parties' meet and confer, Asarco apparently offered to provide a supplemental response if Union Pacific would define these terms or specify which "federal law" applied.  Union Pacific did not do so.

**MEMORANDUM DECISION AND ORDER - 8**

Asarco's response is reasonable. Union Pacific's Motion is denied in this respect. Even so, within 15 days of this Memorandum Decision and Order, Union Pacific is permitted to submit a revised Request that takes into account Asarco's concerns. If Union Pacific does so, Asarco shall respond pursuant to FRCP 36.

> b.    Request No. 113

Union Pacific asks Asarco to "admit that an easement holder is not an 'owner' for purposes of CERCLA liability." Asarco objected to this Request as "call[ing] for a legal conclusion." The undersigned agrees. Union Pacific's Motion is denied in this respect.

**B.    Union Pacific Railroad Company's Objection to, and Motion to Strike or Exclude, Asarco's Untimely Filings (Docket No. 160) and Asarco's Motion to Extend Time for Filing Documents in Support of Asarco LLC's Response in Opposition to Union Pacific Railroad Company's Motion for Summary Judgment (Docket No. 176)**

Union Pacific takes issue with (1) Asarco's delinquent filings on October 23, 2015, relating to Asarco's response to Union Pacific's motion for summary judgment; and (2) Asarco's efforts to file a cross-motion for partial summary judgment, simultaneous with its opposition to Union Pacific's motion for summary judgment. Asarco naturally disagrees with these efforts, additionally moving for an extension of time to file the at-issue response documents.

Certain of Asarco's filings (Docket Nos. 152-157) were after the understood October 22, 2015 deadline for responding to Union Pacific's motion for summary judgment. Under FRCP 6(b)(1)(B), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . [or] on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Whether neglect is excusable requires consideration of four factors: (1) the danger of prejudice to the opposing party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; and (4)

**MEMORANDUM DECISION AND ORDER - 9**

whether the movant acted in good faith.  *See Stewart Title Guaranty Co. v. Suisse*, 2014 WL 10290846, *1 (D. Idaho 2014).  Against this standard, good cause exists to allow Asarco's delinquent filings.

It is clear that any delay associated with Asarco's filings in this instance reflected a situation involving a busy legal practice in the midst of high-stakes litigation with a very large filing due.  This is particularly the case when examining when, exactly, these filings took place:

- Docket No. 152: Filed on October 23, 2015 at 12:01 a.m. – one minute late

- Docket No. 153: Filed on October 23, 2015 at 12:02 a.m. – two minutes late

- Docket No. 154: Filed on October 23, 2015 at 12:07 a.m. – seven minutes late

- Docket No. 155: Filed on October 23, 2015 at 12:11 a.m. – 11 minutes late

- Docket No. 156: Filed on October 23, 2015 at 12:42 a.m. – 42 minutes "late"

- Docket No. 157: Filed on October 23, 2015 at 11:16 a.m. – 11 hours, sixteen minutes "late"

As to Docket Nos. 152-155, excusable neglect exists to account for an 11-minute (at most) delay.  There is absolutely no prejudice to Union Pacific; the delay is minimal; last-minute filings are an occasional byproduct of the circumstances presented here; and there is no indication that Asarco acted in any way other than good faith in getting these materials on file as soon as possible.  And, as to Docket Nos. 156 and 157, these filings represents corrections to matters already on-file (relating to Asarco's opposition to Union Pacific's motion to compel, not Union Pacific's motion for summary judgment) – specifically, missing caption and certificate of service pages.  In short, these latter two filings do not even come within the orbit of Union Pacific's Motion.  With all this in mind, Union Pacific's Motion is denied in this respect and, likewise, Asarco's Motion to Extend Time is granted.

**MEMORANDUM DECISION AND ORDER - 10**

However, Asarco's attempt at filing a cross-motion for partial summary judgment is another matter.

The deadline for filing dispositive motions was September 28, 2015 – to be sure, both Union Pacific and Asarco filed dispositive motions on or before the September 28, 2015 deadline. The out-of-bounds play occurred when, as part of its opposition to Union Pacific's motion for summary judgment, Asarco simultaneously moved for partial summary judgment via a cross-motion for partial summary judgment. This is not permitted. First, if Asarco wanted to file a dispositive motion beyond the deadline prescribed by the Court, it needed to so move the Court, affirmatively requesting such relief. Asarco did not do this. Second, Judge Lodge's internal policy on cross motions for summary judgment does not endorse such a practice. The policy reads in relevant part:

> Cross Motions for Summary Judgment: To avoid the panoply of briefs generated by the filing of cross motions for summary judgment, the Court prefers that the briefing be combined as follows: initial motion for summary judgment; response combined with cross motion; reply combined with response to cross motion; and a final reply brief. If the parties are unable to address the issues in the 20 page limit, they may request permission to file an overlength brief.

EJL Policy, *available at* http://id.uscourts.gov/district/judges/lodge/Motion_Practice.cfm.

Despite Asarco's impressive effort toward construing the policy uniquely in its favor (though the policy language is admittedly confusing), the effort involved does not operate as an opportunity for a party to submit an *additional* dispositive motion, especially *after* the dispositive motion deadline. A more objective reading of the policy applies to situations where one party moves for summary judgment and, in response to that summary judgment, the responding party not only opposes the original motion for summary judgment, but also affirmatively moves for summary judgment on those same issues via a cross motion for summary

**MEMORANDUM DECISION AND ORDER - 11**

judgment – to take place *before* the dispositive motion deadline has come and gone.  This would indeed be a more organized way to go about things under such a scenario.  But that is not this situation here; simply put, the policy does not operate to permit Asarco's cross-motion for partial summary judgment (separate and independent from its otherwise appropriate response to Union Pacific's motion for summary judgment).  Therefore, Union Pacific's Motion is granted in this respect.[7]

Even so, the practical effect of all this is potentially negligible.  As Asarco points out, the Court has the discretion to award summary judgment in favor of a nonmovant.  *See* Fed. R. Civ. P. 56(f)(1).  That is, Judge Lodge's consideration of Union Pacific's motion for partial summary judgment may nonetheless result in summary judgment in favor of Asarco, after considering the parties' briefing – including Asarco's response (which presumably subsumed arguments that formed the basis for its cross-motion for summary judgment).  In other words, the only practical effect of actually striking here Asarco's cross-motion for summary judgment might be that Asarco has no bite at another briefing apple via a reply in support of its cross-motion for summary judgment.

**C.      Asarco LL's Motion to Strike and Objection to Improper Briefing (Docket No. 178)**

Relevant to this particular dispute, Union Pacific filed a reply in support of its motion for summary judgment (with related materials), and a response to Asarco's cross-motion for partial summary judgment (with related materials).  Asarco contends these filings violated the Court's

---

[7]  Accordingly, Asarco's cross-motion for partial summary judgment (Docket No. 158), Union Pacific's opposition to Asarco's cross-motion for partial summary judgment (Docket No. 174), and Asarco's reply in support of cross-motion for partial summary judgment (Docket No. 182) (and related materials) are stricken.

**MEMORANDUM DECISION AND ORDER - 12**

orders, policies, and procedures.  Asarco's Motion, however, is mooted because Asarco's cross-

motion for partial summary judgment is stricken, (*see supra*) and accordingly, the related Union

Pacific materials that are discussed in Asarco's Motion (Docket No. 174 and related materials)

are likewise stricken.  Asarco's Motion is therefore denied as moot in this respect.

Turning to Union Pacific's reply in support of its motion for summary judgment (Docket

No. 172), the undersigned notes that Union Pacific was allowed to file a 30-page reply brief.

The docket reveals that Union Pacific has done just that (subtracting out those pages with non-

substantive content).  The fact that Union Pacific did not combine its reply in support of motion

for summary judgment along with its opposition to Asarco's cross-motion for partial summary

judgment is of no moment here when realizing the policy that Asarco relies upon in making this

argument does not neatly apply here.  *See supra*.  Union Pacific's reply in support of motion for

summary judgment is proper.  Asarco's Motion is denied in this respect.

Finally, the attachments to Union Pacific's reply in support of motion for summary

judgment (Docket No. 172, Atts. 1-11) presumably[8] address arguments raised in Asarco's

opposition to Union Pacific's motion for summary judgment.  This is not a violation of any

applicable orders, policies, and/or procedures of the Court as Asarco suggests.  If Asarco has a

substantive issue with any of these attachments (for example, if these declarations and exhibits

do not, actually, address matters raised in Asarco's opposition to Union Pacific's motion for

summary judgment), it should so move to strike them on such a basis.  Asarco has not done so,

choosing instead to seek an order striking all of them as being somehow absolutely prohibited in

the context of a reply memorandum. Asarco's Motion is denied in this respect.

---

[8]  The undersigned has not studied each filing to ensure that this is the case but, at least,
notes that Union Pacific claims as much.  *See* Opp. to Mot. to Strike, p. 7 (Docket No. 186).

**MEMORANDUM DECISION AND ORDER - 13**

## II. ORDER

Based on the foregoing it is HEREBY ORDERED that:

1.    Defendant's Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted (Docket No. 127) is GRANTED, in part, and DENIED, in part.

2.    Union Pacific Railroad Company's Objection to, and Motion to Strike or Exclude, Asarco's Untimely Filings (Docket No. 160) is GRANTED, in part, and DENIED, in part as follows:

    a.    Docket Nos. 152-157 are not stricken; in this respect, Union Pacific's Motion is DENIED; and

    b.    Docket No. 158 is stricken; in this respect, Union Pacific's Motion is GRANTED.  Correspondingly, Docket Nos. 174 and 182 (and related materials) are likewise stricken.

3.    Asarco's Motion to Extend Time for Filing Documents in Support of Asarco LLC's Response in Opposition to Union Pacific Railroad Company's Motion for Summary Judgment (Docket No. 176) is GRANTED.

4.    Asarco LLC's Motion to Strike and Objection to Improper Briefing (Docket No. 178) is DENIED.

DATED:  **September 30, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 14